**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

HAL JENKINS, as the assignee of
certain of the claims of CLJ
HEALTHCARE, LLC; and CLJ
HEALTHCARE, LLC, as to certain non-
assigned claims,

      Plaintiff,

-vs-

PRIME INSURANCE CO., PRIME
HOLDINGS INSURANCE SERVICES,
INC. d/b/a  CLAIMS  DIRECT
ACCESS, DAVID MCBRIDE, ESQ.,
and EVOLUTION INSURANCE
BROKERS, LC,

      Defendants.

Civil Action No.:
 1:20-CV-01263-JPB

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY AND CERTAIN PRE-TRAIL DEADLINES

      **COME NOW, PLAINTIFFS in the above referenced action, and** files

this Response to the Defendants' Motion to Stay Discovery and Certain Pretrial

Deadlines, showing as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

The allegations of the Complaint are as follows: Plaintiff CLJ Healthcare ("CLJ") was an insured of Defendant Prime Insurance Company (hereinafter "Prime"). (Complaint, Doc. 1-1. para. 9). Prime wrote a surplus lines insurance liability policy, which was sold to CLJ by Defendant Evolution Insurance Brokers, LC ("Evolution"). (Id. para. 8, 12).

The Prime policy provided liability coverage to CLJ and the physicians working there, including Nedra Dodds, M.D. (Id. para. 10). One of CLJ's patients, April Jenkins, suffered an adverse outcome after a procedure performed by CLJ, which lead to her death. (Id., para. 20-21). Ms. Jenkins' family brought a civil suit against CLJ. (Id. para. 31).

As required by the Prime policy, Prime undertook the defense of the Jenkins' claim. Prime provided legal services to CLJ through Defendant Prime Holdings Insurance Services, Inc. d/b/a Claims Direct Access ("Claims Direct Access"). Defendant David McBride, an attorney employed by Claims Direct Access, counseled CLJ and provided legal advice during the Jenkins litigation. (Id., para. 52, 53). Prime and Claims Direct Access also retained a local Atlanta law firm to appear in and defend the Jenkins claim. (Id. para. 21).

- 2 -

The Prime policy included both a duty to defend CLJ and a duty to indemnify CLJ.  Defendants Prime, Claims Direct Access, and McBride took the position that the Policy limits available to the Jenkins claim was $ 50,000.00, and that once this amount was spent in defense of the claim, Prime owed CLJ no more duty to either defend or indemnify the Jenkins claim.  (Id. para. 36 and 37).

Thus, after having allegedly spent $ 50,000.00 on the Jenkins claim, Prime argued that it had exhausted its duties to CLJ, and withdrew its defense of the Jenkins case.  (Id. para. 54).  The Jenkins case against CLJ was tried to a jury.  CLJ did not have the benefit of counsel, and the jury awarded the Jenkins family $ 60,000,000.00.  (Id. para. 58).

## PROCEDURAL HISTORY

CLJ brings this civil action against defendants, alleging the following causes of action:

Count One:  Legal Malpractice as to McBride and Claims Direct Access

Count Two:  Breach of Fiduciary Duty as to McBride and Claims Direct Access

Count Three:  Breach of Contract as to Prime

Count Four:  Negligence as to Prime and Claims Direct Access

Count Five:  Unauthorized Sale of Surplus Lines Insurance as to Prime and Evolution Brokers

Count Six:  Punitive Damages as to All Defendants; and

Count Seven:  Attorneys fees as to All Defendants.

CLJ originally filed this civil action in the Superior Court of Cobb County, Georgia.  On March 20, 2020, all Defendants removed this case to the this Court, alleging a complete diversity of citizenship as required by 28 U.S.C. § 1332. (Doc. 1).

Soon after effecting removal of this action, CLJ filed a Motion to Dismiss, (Doc. 4) and the instant Motion to Stay Discovery.  (Doc. 5).  The Plaintiff opposes the Motion to Stay.

## **ARGUMENT AND CITATION TO AUTHORITY**

Defendants request that discovery in this action be stayed until such time as the Court rules on the Motion to Dismiss.  The Court has granted the Plaintiff up to and including May 14, 2020 to respond to that motion.  (Text Order, dated April 6, 2020).

In support of their request that discovery be stayed, Defendants argue that it would be inefficient to engage in discovery prior to resolution of the pending

motion to dismiss.  The Plaintiffs submit that the Motion to Dismiss is not

meritorious, and thus provides no true bar to the initiation of discovery.

One of the arguments raised by Defendants in their Motion to Dismiss is

that the Plaintiffs in this case are bound by a judgment entered in Utah, and that

this Utah Judgment resolves the coverage issues raised in this case.  (See

Defendant's Brief in Support of Motion to Dismiss, Doc. 4-1, pp. 9 to 11; and 17

to 20).  However, Defendants acknowledge that while they have attempted to

domesticate this judgment in Georgia, CLJ and Mr. Jenkins have filed a motion to

set this judgment aside, which are still pending before the Cobb County Court.

(Doc. 4-1, p. 10).  Thus, by Defendants' own admission, one of the main

arguments in their motion to dismiss - i.e., that the Plaintiffs' claims in this case

are barred by the doctrine of *res judicata* - is even ripe for review because the

motion to set aside the judgment is still pending in Cobb County.

A second argument raised by Defendants in support of their motion to

dismiss is that the case should be dismissed for lack of venue, because "Utah is the

Proper Venue."  (Doc. 4-1, p. 20).  This argument is two fold:  first, Defendants

claim that they are all beneficiaries of a "forum selection clause" in the Prime

Policy, which would require that the case be transferred to Utah; second, they

- 5 -

argue that (assuming the forum selection clause is not enforceable as to all Defendants or is not enforceable at all), the case should be transferred to Utah under the doctrine of *"forum non conveniens."* (Doc. 1-4, p. 22). Transfer of the case to Utah would also include transfer of the discovery conducted thus far.

In Chudasama v. Mazda Motor Corp., 123 F. 3d 1353 (11th Cir. 1997), the Eleventh Circuit concluded that a stay of discovery is not required in every instance where a motion to dismiss for failure to state a claim is filed. The Eleventh Circuit clarified that the District Court should apply a balancing test that considers both the alleged dubiousness of the claim and the scope of discovery:

> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim. Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of the discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious.

<u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1368 (1997).[1]  Courts

interpreting the <u>Chudasama</u> opinion have note that it "does not mean that

discovery should be stayed as a matter of course whenever a defendant files a

motion to dismiss."  <u>Arriaga-Zacarias v. Lewis Taylor Farms, Inc.</u>, 2008 U.S. Dist.

LEXIS 80216 (M.D. Ga. 2008).  "A request to stay discovery pending a resolution

---

[1]  <u>Chudasama</u> arose in a procedurally different context.  There, the Eleventh
Circuit was asked to review a district court order dismissing the answer of a
defendant and entering a default judgement against it.  The case was a product
liability case, which also included a claim for fraud.  During the course of
discovery, the defendant manufacturer filed a motion to dismiss the fraud count
<u>after</u> discovery on this count had been served.  <u>See</u> 123 F.3d at 1359.  The fraud
count "substantially widened the scope of discovery,"  and the manufacturer
moved to dismiss the fraud count to bring discovery within the realm of
"manageable."  <u>Id</u>. at 1360.  The district court ordered the manufacturer to produce
the materials responsive to the discovery on the fraud issue.  This the manufacturer
did, but for innocent reasons, the manufacturer did not strictly comply with the
court's order, because it was unable to produce the responsive materials by the
5:00 deadline defined by the Court.  The manufacturer offered to deliver the
documents the next day, but the plaintiff refused to make arrangements for their
delivery.  Thus, the documents were not technically produced until the following
business day.  Despite the fact that it had refused to make arrangements for receipt
of the documents, plaintiff's counsel filed a motion for sanctions, seeking entry of
default.

All during this time, the manufacturer's motion to dismiss the fraud count
was pending.  Nevertheless, the district court granted the plaintiff's motion and
entered default judgment against the manufacturer.  This order of default was the
order reviewed by the Eleventh Circuit, and it is in this context that the quoted
language from <u>Chudasama</u> must be viewed.

of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." <u>McCabe v. Foley</u>, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (emphasis added).

The Plaintiff's claims are not dubious, and the discovery necessary to establish any of the claims as to Prime, Claims Direct Access, and McBride will essentially be the same. In fact, Defendants do not argue here that the scope of discovery is enlarged by the presence of certain claims. They argue that no discovery should be had while its motion to dismiss is pending.

There are alternatives to the wholesale preclusion of discovery requested by the Defendants. At the very least, initial written discovery can proceed while the Court considers the Motion to Dismiss.

## **CONCLUSION**

The Plaintiff respectfully requests that the Motion to Stay Discovery be denied, and that Plaintiff be allowed to initiate basic discovery efforts.

THIS THE  14th  DAY OF  APRIL , 2020.

SAVAGE & TURNER, P.C.

By:    /s/ Brent J. Savage
Brent J. Savage
Georgia Bar No. 627450

- 8 -

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
lwickline@savagelawfirm.net

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

HAL JENKINS, et al,

     Plaintiffs,

                              Civil Action No.:

-vs-                           1:20-CV-01263-JPB

PRIME INSURANCE CO., et al,

     Defendants.

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that the within and forgoing pleading was filed with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record as follows:

Michael J. Goldman (mgoldman@hpylaw.com)
Brian W. Sprinkle (bsprinkle@hpylaw.com)
HAWKINS PARNELL & YOUNG, LLP
303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308

     THIS THE  14th  DAY OF  APRIL , 2020.

SAVAGE & TURNER, P.C.

By:    /s/ Brent J. Savage
        Brent J. Savage
        Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
lwickline@savagelawfirm.net