**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAL JENKINS, as assignee of certain of the claims of CLJ HEALTHCARE, LLC; and CLJ HEALTHCARE, LLC, as to certain non-assigned claims,<br><br>        Plaintiffs,<br><br>v.<br><br>PRIME INSURANCE CO., PRIME HOLDINGS INSURANCE SERVICES, INC. d/b/a CLAIMS DIRECT ACCESS, DAVID MCBRIDE, ESQ., AND EVOLUTION INSURANCE BROKERS, LC,<br><br>        Defendants. | CIVIL ACTION NO.<br><br>1:20-CV-01263-JPB |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY AND CERTAIN PRE-TRIAL DEADLINES**

Defendants filed a Motion to Dismiss that is dispositive of all claims in the case. (Doc. 4). Concurrently, Defendants moved to stay discovery and the requirements and deadlines under Fed. R. Civ. P. 16 and 26 and the associated Local Rules. (Doc. 5). Plaintiffs have opposed the stay of discovery because they contend that the Motion to Dismiss "is not meritorious, and thus provides no true

1

bar to the initiation of discovery." (Doc. 8 at p. 5). While Defendants will address Plaintiffs' arguments on the Motion to Dismiss in the briefing on that motion,[1] there is no dispute that discovery is stayed under the Local Rules because all Defendants filed a motion to dismiss. Moreover, staying the Rule 26(f) conference, the Joint Preliminary Report and Discovery Plan, and the Initial Disclosures required under Rules 16 and 26 until the Motion to Dismiss is decided will promote efficiency, avoid the parties incurring unnecessary costs, and preserve judicial resources. Therefore, the Motion to Stay (Doc. 5) should be granted.

    **A.    Discovery is stayed under Local Rule 26.2(A) because of the Motion to Dismiss.**

Local Rule 26.2(A) states that the discovery period commences thirty days after the appearance of the first defendant "by answer to the complaint." Because the rule does not say "by answer or motion," the discovery period does not begin after a motion to dismiss has been filed because there has been no answer by a defendant.[2] Thus, while Defendants moved to stay discovery in an abundance of

---

[1] The Motion to Dismiss is both meritorious and dispositive.

[2] *See Circle Group v. Southeastern Carpenters Reg'l Council*, 2010 U.S. Dist. LEXIS 158114 at *1 n.1 (Civil Action No: 1:09-cv-3039-WSD) (N.D. Ga. May 5, 2010) ("Defendant has not answered Plaintiff's Complaint but filed a motion to dismiss. Discovery in this matter accordingly has not begun."); *Mayfield v. Bank of America N.A.*, 2010 U.S. Dist. LEXIS 156209 at *4 (Report and Recommendation by Magistrate Judge on November 4, 2010) (Civil Action No: 1:10-CV-00707-ODE-GGB) (citing to LR 26.2 to conclude that "[b]ecause there is a pending motion to dismiss in this case, and no answer has been filed, discovery has not yet

caution, LR 26.2(A) confirms that the discovery period will not begin until the Court rules on the pending Motion to Dismiss because no Defendant has appeared by answer. Because Plaintiffs maintain that discovery should commence despite the pending Motion to Dismiss, Defendants respectfully request that the Court enter an Order confirming the stay of discovery to prevent having to further involve the Court if Plaintiffs attempt to proceed with discovery before there is a ruling on the Motion to Dismiss.

The cases cited by Plaintiffs in their Response Brief (Doc. 8) do not change the fact that discovery does not commence under Local Rule 26.2(A) because all Defendants filed a motion to dismiss. Plaintiffs' reliance on *Chudasama v. Mazda Motor Corp.*[3] is misplaced for several reasons. First, it does not involve this Court's Local Rules (it is an appeal from the Middle District of Georgia) and, therefore, does not have any bearing on whether discovery can commence when a defendant files a motion to dismiss in the Northern District of Georgia. Second, the

---

commenced in this action") (adopted in its entirety by the Court at 2011 U.S. Dist. LEXIS 167926, January 20, 2011); *Hawk v. Bank of Am.*, N.A., 2015 U.S. Dist. LEXIS 186164 at *11 (Report and Recommendation by Magistrate Judge on February 17, 2015) (1:14-CV-03517-ELR-JFK) ("this court's local rules direct that the discovery period in this case does not commence until thirty days after a defendant has filed an answer. No answer has been filed in this case; therefore, discovery, even in the absence of the court's order, has not commenced"); *Spooner v. Wells Fargo Bank, Nat'l Assocs.*, 2015 U.S. Dist. LEXIS 115790 at *21 (Report and Recommendation by Magistrate Judge on August 6, 2015) (Civil Action No: 1:14-CV-3897-TWT-JSA) (adopted by the Court at 2015 U.S. Dist. LEXIS 115789, August 31, 2015).

[3] 123 F.3d 1353 (11th Cir. 1997).

Eleventh Circuit's decision does not stand for the proposition that discovery should go forward when a motion to dismiss has been filed. Instead, the court held just the opposite: "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."[4] The reasoning being that "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs."[5] Therefore, Plaintiffs' are incorrect when they assert that *Chudasama* weighs against a stay of discovery in this matter.

*Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*[6] is also easily distinguishable because it is an opinion from the Middle District of Georgia that does not address this Court's Local Rules. Moreover, the court held that a stay of discovery was proper because of a pending motion to dismiss: "[d]ue to the broad scope of discovery, Defendants will likely be called upon to expend considerable resources

---

[4] *Id.* at 1367.

[5] *Id.* at 1368.

[6] 2008 U.S. Dist. LEXIS 80216 (M.D. Ga. October 10, 2008).

4

to comply with Plaintiffs' discovery requests. Because there is a potential that this claim could be dismissed and these costs avoided, the Court finds that good cause exists for staying discovery."[7] Therefore, *Arriaga-Zacarias* does not support Plaintiffs' argument that discovery should proceed despite the Motion to Dismiss.

### B. The initial deadlines and requirements should be stayed pending a ruling on the Motion to Dismiss.

While discovery does not commence under LR 26.2(A) because of the pending Motion to Dismiss, the requirements for a Rule 26(f) conference, Initial Disclosures, and the Joint Preliminary Report and Discovery Plan do commence when a motion to dismiss has been filed. (LRs 16.1, 16.2, and 26.1). Plaintiffs have agreed that these deadlines and requirements should be stayed until the Court rules on whether discovery is stayed. (Doc. 9).

As is fully set forth in the Motion to Stay (Doc. 5), these deadlines and requirements should be stayed pending a resolution of the Motion to Dismiss. Plaintiffs' Complaint contains a number of claims against various Defendants. It would be inefficient and costly for the parties to confer concerning these claims, make disclosures, and prepare a Joint Preliminary Report and Discovery Plan when it is unknown if any of Plaintiffs' claims will survive. For these reasons,

---

[7] *Id.* at *5.

Defendants respectfully request that the Court exercise its broad power to stay proceedings before it and stay these requirements until there is a ruling on the Motion to Dismiss.[8]

## CONCLUSION

Pursuant to Local Rule 26.2(A), discovery in this action does not commence because Defendants filed a motion to dismiss instead of an answer. But, because Plaintiffs maintain that discovery should commence, Defendants respectfully request that the Court enter an Order confirming that discovery is stayed. In the interests of efficiency, avoiding unnecessary fees and costs, and conserving judicial resources, Defendants further request that the required conference, disclosures, report, and all other requirements and deadlines under Rules 16 and 26 be stayed until the Court rules on the pending Motion to Dismiss.

[Signature on following page]

---

[8] *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. North American Co.*, 299 U.S. 248, 264-55 (1936).

Respectfully submitted, this 20th day of April, 2020.

                                **HAWKINS PARNELL & YOUNG, LLP**

|  |  |
|---|---|
|  | /s/ Brian W. Sprinkle |
| 303 Peachtree Street, NE | Michael J. Goldman |
| Suite 4000 | Georgia Bar No.: 300100 |
| Atlanta, Georgia 30308-3243 | Brian W. Sprinkle |
| P: (404) 614-7400 | Georgia Bar No.: 673036 |
| F: (404) 614-7500 |  |
| E: mgoldman@hpylaw.com | *Attorneys for Defendants* |
|    bsprinkle@hpylaw.com |  |

## **CERTIFICATE OF COUNSEL**

The above signed counsel hereby certifies that he prepared this document in accordance with LR 5.1, NDGa, and LR 7.1(D), NDGa. Specifically, counsel certifies that he used 14-point Times New Roman as the font in this document.

12903243v.1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HAL JENKINS, as assignee of certain of the claims of CLJ HEALTHCARE, LLC; and CLJ HEALTHCARE, LLC, as to certain non-assigned claims,<br><br>  Plaintiffs,<br><br>v.<br><br>PRIME INSURANCE CO., PRIME HOLDINGS INSURANCE SERVICES, INC. d/b/a CLAIMS DIRECT ACCESS, DAVID MCBRIDE, ESQ., AND EVOLUTION INSURANCE BROKERS, LC,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>: 1:20-CV-01263-JPB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the within and foregoing pleading was filed with the Clerk of Court using the CM/ECF system, which will send notification to all parties of record as follows:

Robert F. Webb
WEBB & D'ORAZIO
2551 Roswell Road, Suite 201
Marietta, GA 30062
*Attorneys for Plaintiffs*

Brent J. Savage
SAVAGE, TURNER, DURHAM, PINCKNEY, & SAVAGE
102 E. Liberty Street, 8th Floor
Savannah, GA 31401
*Attorneys for Plaintiffs*

This 20th day of April, 2020.

/s/ Brian W. Sprinkle
Brian W. Sprinkle
Georgia Bar No. 673036
*Attorneys for Defendants*

12903243v.1