IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAL JENKINS, et al.,               )<br>                                              )<br>    Plaintiffs,                          )<br>                                              )<br>v.                                           )<br>                                              )<br>PRIME INSURANCE CO., et al.,  )<br>                                              )<br>    Defendants.                       )<br>_____ ) | CIVIL ACTION FILE<br>NO.  1:20-cv-01263-JPB |

## REQUEST FOR IN-PERSON ORAL ARGUMENT

Pursuant to paragraph III(o) of this Court's Standing Order Regarding Civil Litigation, Plaintiffs request an in-person oral argument on the Defendants' Motion to Dismiss. Defendants have authorized Plaintiffs to state that they take no position on this motion.

Plaintiffs request a hearing on this matter for the following reasons:

- The factual and procedural history of this case is unusually complex, and a proper understanding of those histories may be dispositive of the motion;

- Resolution of this motion requires the Court to consider the law of the State of Utah, the law of the State of Georgia, and application of rules regarding resolution of a conflict of laws where a conflict exists; and

- There are other pending cases that may also affect this matter, and the interplay of those may prove helpful for the Court's contextual understanding.

Moreover, Plaintiffs expect the following issues to be the focus of the proposed oral argument:

- The default judgment obtained by Prime Insurance Company, and whether it has any effect—binding or otherwise—in this litigation.

- The original Complaint for declaratory judgement, filed in Utah, the claims that were not addressed in that matter, and the extent to which it should or should not impact this litigation.

- The dispute regarding the policy limits of the Prime Policy, the extent to which that relieved Prime Insurance Company of its duty to defend, and the claims that arise therefrom.

- The nature of the relationship between Defendant David McBride and Claims Direct Access, and the insured CLJ, and the extent to which that relates to the applicable statute of limitations.

Finally, Plaintiffs request that the hearing be conducted in person because telephonic and/or video conference hearings are difficult in situations were numerous documents need to be presented to the Court for examination during the Course of the proceedings. In addition, Plaintiff's counsel anticipates numerous questions from the Bench, and such colloquy is more effective when made in person.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant an in-person oral argument

Respectfully submitted this 6th day of November, 2020.

**THE ASHBY FIRM**

/s/ Drew Ashby
Andrew S. Ashby
Georgia Bar No. 455020

5447 Roswell Rd.
Atlanta, Georgia 30342
Main: (404) 777-7771
Fax:   (404) 264-1149
Drew@AshbyFirm.com

## CERTIFICATION

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).

- 5 -

## CERTIFICATE OF SERVICE

I have served each of the parties listed below with a copy of this document by filing it with this Court via the CM/ECF system, which will automatically provide a copy to the following attorneys of record:

| Michael J. Goldman<br>Brian W. Sprinkle<br>HAWKINS PARNELL & YOUNG, LLP<br>303 Peachtree Street<br>Suite 4000<br>Atlanta, Georgia 30308 | Brent J. Savage, Esq.<br>Kathryn Hughes Pinckney<br>SAVAGE, TURNER, DURHAM PINCKNEY & SAVAGE<br>102 East Liberty Street<br>Savannah, Georgia 31401 |
|---|---|

This 6th day of November, 2020.

THE ASHBY FIRM

 */s/ Drew Ashby*
Andrew S. Ashby
Georgia Bar No. 455020

5447 Roswell Rd.
Atlanta, Georgia 30342
Main: (404) 777-7771
Fax:  (404) 264-1149
Drew@AshbyFirm.com